ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN DEGRADO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. R. BARD INC., a Foreign Corporation; BARD PERIPHERAL VASCULAR INC., an Arizona Corporation; MCKESSON CORPORATION, a Corporation,; and DOES 1 through 100, inclusive<br><br>　　　　　Defendants. | CASE NO. 3:20-CV-00500-MMD-BNW<br><br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), Plaintiff Susan Degrado in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"), respectfully request that this Court temporarily stay discovery and all pretrial deadlines until February 9, 2021 while the Parties finalize settlement discussions.  In support thereof, the Parties state as follows:

1.     This case is related to the Multi-District Litigation proceeding In re Bard IVC Filters Products Liability Litigation, MDL 2641 (D. Ariz.), pending before Senior Judge David Campbell in the United States District Court for the District of Arizona.

2.     After four years, the completion of general issue discovery, and the trial of three bellwether cases to verdict, Judge Campbell ordered that certain MDL cases would no longer benefit from centralized proceedings and would be transferred to the appropriate jurisdictions around the country for case-specific discovery and trial.  (MDL 2641, ECF No. 19899, 20672, 21472.)  While

this action was not in the MDL and was not transferred with the remanded cases, the issues and causes of action are substantially similar.

3.      Here, Plaintiff filed her Petition on June 8, 2020.  Bard removed the case to the Northern District of Texas and that court transferred the case to the District of Nevada on September 2, 2020.  Since that date, the Parties have engaged in settlement discussions and are in the process of finalizing the settlement.  A stay will allow the Parties to conclude the settlement without unnecessary expenditures of the Parties' and this Court's resources.

4.      Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

5.      This Court therefore has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

6.      Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.")

In deciding whether to stay proceedings, courts weigh the competing interests of the parties

and the court.

> Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (*citing Landis*, 299 U.S. at 255). Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case. *Id.* at *3. Similarly, the Parties in the present case are engaged in finalizing settlement and require additional time to work out the details.

7.     Accordingly, the Parties jointly move this Court for an order staying discovery and pretrial deadlines until February 9, 2021.

8.     The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion.  The relief sought in this stipulation is not being requested for delay, but so that justice may be done.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the Parties jointly request that discovery and all pretrial deadlines be stayed until February 9, 2021 to allow the Parties to finalize settlement.

**IT IS SO STIPULATED.**

DATED this 11ᵗʰ day of December 2020.

**FEARS NACHAWATI, PLLC**

/s/ Steven Schulte
Steven Schulte
(*PHV forthcoming*)
Texas Bar No. 24051306
Email: schulte@fnlawfirm.com
5473 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Plaintiff*

**GREENBERG TRAURIG, LLC**

/s/ Eric W. Swanis
Eric W. Swanis
Nevada Bar No. 6840
Email: swanise@gtlaw.com
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773

*Counsel for Defendants*

ORDER

**IT IS SO ORDERED**

**DATED:** 3:56 pm, December 15, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

*ACTIVE 54192688v1*